IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MEL M. MARIN**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:15cv0792 |
| | ) | **Electronic Filing** |
| **THE U.S. ECONOMIC** | ) | |
| **DEVELOPMENT ADMINISTRATION,** | ) | |
| **ANDREW REIRD,** director of the | ) | |
| Philadelphia regional office of the U.S. | ) | |
| Economic Development Administration, | ) | |
| in his individual and official capacity, | ) | |
| and **THE SECRETARY OF THE** | ) | |
| **DEPARTMENT OF** | ) | |
| **ENVIRONMENTAL PROTECTION** | ) | |
| **OF THE COMMONWEALTH OF** | ) | |
| **STATE OF PENNSYLVANIA** | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION**

Mel M. Marin ("plaintiff") filed a motion to proceed *in forma pauperis* on June 17, 2015, and submitted with it a "complaint" seeking declaratory and injunctive relief against the Secretary of the Pennsylvania Department of Environmental Protection and the Director of the Philadelphia regional office of the United States Economic Development Administration based on asserted administrative actions these agencies took against Ford City, Pennsylvania.[1] For the

---

[1] Plaintiff, also known as Melvin M. Marinkovic, is a serial *pro se* filer who has filed vexatious litigation in this court in *Mel Marin v. The Erie Times, et al.*, 1:11cv102 (Doc. No. 18), *aff'd*, 525 F. App'x 74 (3d Cir. 2013); *In re: Joseph Fragile, et al.*, 2:11cv788 (Doc. No. 8); *In re: Joseph Fragile, et al.*, 2:11cv789 (Doc. No. 7), *Mel Marin v. Tom Leslie, et al.*, 2:09cv1453 (Doc. No.s 57 & 58); *Melvin M. Marinkovic v. Mayor Joseph Sinnott, et al.*, 1:12cv139 (Doc. No. 21), *Marin v. La Paloma Healthcare Center, et al.*, 1:11cv230 (Doc. No.s 2 & 3), *Marinkovic v. Sinnott, et al.*, 1:13cv185 (Doc. Nos. 2 & 3) and *Marin v. Ford City*, 2:15cv791 (Doc. No.s 6, 8). He has filed an action challenging the actions of private citizens in opposing his campaign for federal congress, which the court found likely to be "more of the same." *See Marin v. Robert A.*

reasons set forth below, the motion will be granted and the Clerk will be directed to file the complaint. Further, the complaint will be dismissed for lack of standing and otherwise failing to state a claim upon which relief can be granted.

---

*Biros, et al.,* 2:11cv884 (Doc. No. 6 at 4). Plaintiff also has pursued an action challenging the need for him to submit his social security number in order to receive a profession license as an Emergency Medical Technician, which the court found to be without merit at summary judgment. *See* Opinion of April 11, 2014 in *Mel Marin v. William McClincy and Melissa Thompson*, 1:11cv132 (Doc. No. 81 in 1:11cv132). He likewise has filed over 70 proceedings in other jurisdictions and been placed on the "Vexatious Litigant List" by the State of California in connection with a filing in the San Diego Superior Court at No. 720715. *See* Transmittal Statement of the Bankruptcy Court to Accompany Notice of Appeal (Doc. No. 1-14) in *In re: Joseph Fragile, et al.*, 2:11cv789 (W.D. Pa. June 15, 2011) at 6 n.3. Plaintiff "was once a law clerk in the federal court and a 9th Circuit extern." Verified First Amended Complaint in *Melvin M. Marinkovic v. Mayor Joseph Sinnott, et al.*, 1:12cv139 (Doc. No. 3) at ¶ 112. Plaintiff attended Harvard University and has a law degree from Oxford University. For additional information and another account of similar escapades by plaintiff *see, e.g.,* http://triblive.com/news/armstrong/8171747-74/marin-county-lawsuit.

Plaintiff also uses different addresses in different states to maintain his pending cases. He frequently claims not to have received mail at the address he maintains in the court's docket and seeks to reset his own deadlines for compliance with any particular pretrial deadline. A review of his filings in the related dockets reflects the repeated use of such tactics. *See e.g.* Motion for Service (Doc. No. 13 in 1:12cv139); Motion for an Order to Allow Filing of Opposition to Motion to Dismiss Out-of-Time (Doc. No. 17 in 1:12cv139); Notice of and Motion for Leave to Allow Responses to Order of April 11, 2013 Out-of-Time and Request for Clerk to Send Case Management Order and Declaration in Support (Doc. No. 51 in 2:09cv1453) at 1; Notice of and Motion to Supplement Motion for Late Response to Order of April 11, 2013 Out-of-Time and Request for Clerk to Send 2011 Case Management Order (Doc. No. 55 in 2:09cv1453) at 1; Plaintiff's Notice of and Motion for Leave to File a Pre-Trial Statement Out-of-Time (Doc. No. 31 in 2:06cv690) at 1; Plaintiff's Notice of Change of Address and Motion for Remailing (Doc. No. 52 in 1:11-cv-132); Motion for Leave to File Opposition to Summary Judgment Out of Time (Doc. No. 64 in 1:11-cv-132 at 5-6); Motion for Leave to File Third Amended Complaint Out of Time (Doc. No. 65 in 1:11-cv-132 at 1); Motion to Vacate Memorandum & Order Dismissing Case (Doc. No. 10 in 2:11cv884). The docket in each case verifies that in accordance with the Local Rules, all orders and opinions are mailed to plaintiff at the address he has provided for the particular case (which includes any change of address upon proper notification to the Clerk).

Plaintiff seeks to enjoin or otherwise obtain relief from 1) an enforcement action initiated by the Pennsylvania Department of Environmental Protection against Ford City for "failure to 'file a feasibility study with costs associated for the new water treatment program'" arising out of its efforts to enforce "the Safe Drinking Water Act," 42 U.S.C. § 300f *et seq.*, and 2) an action by the United States Economic Development Administration seeking to collect on the default of a grant awarded to Ford City in 2000. Complaint (Doc. No. 1-1) at ¶¶ 4, 13, 15, 19-37 and 38-44. Plaintiff admits that the two agency actions do not involve a common obligation, but instead merely seek to collect money from Ford City. *Id.* at ¶ 16. According to plaintiff, "this action is proper because plaintiff as a taxpayer of Ford City may be personally liable for state and federal claims against the borough general fund and has a right to join parties claiming that city fund to determine validity or priority of the claims, . . . and avoid enforcement of multiple claims against the borough fund directly and against this plaintiff indirectly . . . ." *Id.* at ¶ 12.

Plaintiff reasons that the proceeding initiated against Ford City by the Pennsylvania Department of Environmental Protection "is a punitive damage award by the state agency against Ford City" and "the state has no power to assess a punitive damages award against a municipality" because to do so violates public policy. *Id.* at ¶ 19. Similarly, the supposed default of Ford City under the federal grant was due to extenuating circumstances regarding environmental remediation that created an impossibility of performance for Ford City and Ford City council neglected to raise these circumstances as a defense. *Id.* at ¶¶ 39-40, 44.

Plaintiff seeks a judgment declaring that "it would be inequitable for the United States to enforce the strict terms of the grant under the circumstances and an injunction barring the [Pennsylvania Department of Environmental Protection] from doing so . . . ." *Id.* at 45. Embedded within the complaint is a contention that plaintiff is entitled to injunctive relief for

3

alleged violations of the Freedom of Information Act, specifically 5 U.S.C.§ 552, because the requests plaintiff made to the Economic Development Administration seeking records pursuant to the Freedom of Information Act have not been produced and according to plaintiff this court may order the production of those records. *Id.* at ¶¶ 4-10.

The United States Court of Appeals for the Third Circuit has instructed the district courts to utilize a two-step analysis to determine whether to direct service of a complaint where the plaintiff seeks to proceed in forma pauperis. First, the court must determine whether the litigant is indigent within the meaning of 28 U.S.C. § 1915(a). Second, the court must determine whether the complaint is frivolous or malicious under 28 U.S.C. § 1915(d). Roman v. Jeffes, 904 F.2d 192, 194 n.1 (3d Cir. 1990). The court finds plaintiff to be without sufficient funds to pay the required filing fee.[2] Thus, he will be granted leave to proceed *in forma pauperis*.

In *Neitzke v. Williams*, 490 U.S. 319 (1989), the Supreme Court identified two types of legally frivolous complaints: (1) those based upon indisputably meritless legal theory, and (2) those with factual contentions which clearly are baseless. *Id.* at 327. An example of the first is where a defendant enjoys immunity from suit, and an example of the second is a claim describing a factual scenario which is fanciful or delusional. *Id.* In addition, Congress has expanded the scope of § 1915 to require that the court be satisfied that the complaint states a

---

[2] Plaintiff's long-running practice of buying distressed properties throughout Western Pennsylvania at tax or sheriff's sales and placing them in his "family trust" for the benefit of himself and his sister raises a sound inference that he is far from indigent. *See*, *e.g.*, Motion to Proceed *In Forma Pauperis* (Doc. No. 1) at p.2; Complaint in *M. Marinkovic v. Mayor Joseph Sinnott, et al.*, 1:12cv139 (Doc. No. 7) at ¶ 1; Complaint in *Mel M. Marin v. Joseph Fragel, et al.*, 2:09cv1333 (Doc. No. 4) at ¶ 3; Complaint in *M. Marinkovic v. Mercer County Tax Claim Bureau, Pennsylvania*, 2:16cv292 (Doc. No. 1-1) at ¶ 1.

claim upon which relief can be granted before it directs service; if it does not, the action shall be dismissed. 28 U.S.C. § 1915(e)(2)(B)(ii).

Notwithstanding plaintiff's concerns regarding the propriety of Ford City's council's fiscal decisions and the sound administration of Ford City's municipal business, plaintiff lacks standing to pursue the claims presented in the complaint and they are not ripe for adjudication. The doctrines of standing and ripeness prevent courts from "entangling themselves in abstract disagreements." *Presbytery of New Jersey of Orthodox Presbyterian Church v. Florio*, 40 F.3d 1454, 1462 (3d Cir. 1994) (quoting *Abbott Labs. v. Gardner*, 387 U.S. 136, 148 (1967)). "[R]uling on federal constitutional matters in advance of the necessity of deciding them [is to be avoided]." *Id.* (quoting *Armstrong World Indus., Inc. v. Adams*, 961 F.2d 405, 413 (3d Cir.1992)). Consideration must be given to "both the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." *Id.* at 1462-63 (quoting *Abbott Labs.*, 387 U.S. at 149).

In order to satisfy these requirements a case must present "'a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.'" *Id.* at 1463 (quoting *North Carolina v. Rice*, 404 U.S. 244, 246 (1971) (quotation omitted). "A federal court's jurisdiction therefore can be invoked only when the plaintiff himself has suffered 'some threatened or actual injury resulting from the putatively illegal action . . . .'" *Id.* (citing *Warth v. Seldin*, 422 U.S. 490, 499 (1975)).

Plaintiff seeks relief only as a taxpayer and property owner in Ford City. He has not advanced allegations demonstrating the potential fiscal calamity actually has manifested itself in concrete terms. Nor has he set forth factual allegations that plausibly indicate he himself has

5

suffered a threatened or actual injury resulting from the purported illegal action by the state and/or federal agencies. This is particularly pertinent to ripeness here, where plaintiff seeks to raise factually-based matters to impugn the decisions of Ford City council in response to the agency actions. *Cf. id.* at 1463-64 (the need for concreteness in a declaratory judgment setting is more substantial where the claim is fact-dependent as opposed to predominately legal). Consequently, plaintiff lacks standing to pursue relief in this court based on the identified "harms" and the allegations fail to present a controversy that is ripe for adjudication in any event.

Plaintiff also lacks standing to the extent he seeks to pursue a claim brought under 5 U.S.C. § 552(a)(4)(B). The purpose of this statute is to safeguard "the public from unwarranted collection, maintenance, use and dissemination of personal information contained in agency records . . . by allowing an individual to participate in ensuring that his records are accurate and properly used, and by imposing responsibilities on federal agencies to maintain their records accurately." *Powell v. Internal Revenue Service*, 255 F. Supp.3d 33, 41 (D.D.C. 2017) (quoting *Mobley v. CIA*, 806 F.3d 568, 585 (D.C. Cir. 2015) and *Bartel v. FAA*, 725 F.2d 1403, 1407 (D.C. Cir. 1984)). It does so by "allowing individuals on whom information is being complied and retrieved the opportunity to review the information and request that the agency correct any inaccuracies." *Id.* (quoting *Mobley*, 806 F.3d 586).[3]

---

[3] Of course, an individual has to exhaust all administrative remedies under the Privacy Act and/or the Freedom of Information Act before recourse to federal court is proper. *Hidalgo v. F.B.I.*, 344 F.3d 1256, 1258 (D.C. Cir. 2003) ("Exhaustion of administrative remedies is generally required before filing suit in federal court so that the agency has an opportunity to exercise its discretion and expertise on the matter and to make a factual record to support its decision.") (quoting *Oglesby v. United States Dep't of the Army*, 920 F.2d 57, 61 (D.C. Cir. 1990) and citing *McKart v. United States*, 395 U.S. 185, 194 (1969)).

Here, plaintiff is seeking records relating to a grant given to Ford City which was about to be enforced by the United States in a federal collection action. The information he requested had nothing to do with his own personal information. Therefore, neither the Privacy Act nor the Freedom of Information Act afforded any individual rights to plaintiff in conjunction with his request(s) for information. And of course, plaintiff was not in a legal position to demand information pertaining to the actions and activities of Ford City. Consequently, plaintiff lacks standing to purse relief under these statutes as well.[4]

For the reasons set forth above, plaintiff's complaint will be dismissed for lack of standing and otherwise failing to state a claim upon which relief can be granted. Appropriate orders will follow.

Date: September 27, 2018

s/David Stewart Cercone
David Stewart Cercone
Senior United States District Judge

cc: Mel M. Marin
824 4th Ave., #3
Ford City, PA 16226

(*Via United States Postal Service Mail*)

---

[4] Even a cursory review of plaintiff's submissions likewise makes clear that he has failed to exhaust administrative remedies in any event.